NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT WATTS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>H&M INTERNATIONAL<br>TRANSPORTATION, INC., *et al.*<br><br>　　　　　　　　Defendants. | Civil Action No.: 12-6703 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendant H&M International Transportation, Inc. ("H&M" or "Defendant") for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 32).[1] Under Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. Having considered the parties' submissions and for the reasons discussed below, Defendant's motion is DENIED in part and GRANTED in part.

**I.    BACKGROUND**

This case arises out of an unfortunate accident at the Croxton Yard railroad terminal in Jersey City, NJ.[2] At the time of his injury, Plaintiff Scott Watts ("Plaintiff" or "Watts") was employed by Defendant at the Croxton Yard. Am. Compl. ¶ 21-22. Defendant H&M provides intermodal services at rail yards throughout the United States, as well as a variety of other services.

---

[1] Although Plaintiff names two other rail companies as Defendants in his action, H&M is the only Defendant on the instant motion before the Court.
[2] All facts discussed are taken from Plaintiff's Amended Complaint (ECF No. 16) and are treated as true for the purposes of this motion only.

On August 15, 2011, Plaintiff's hand was severely injured while unlocking boxcars at Croxton Yard. Am. Compl. ¶ 22. On October 24, 2012, Defendant filed this suit seeking damages under the Federal Employment Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA") and for negligence. (ECF No. 1). On June 12, 2013, Magistrate Judge Dickson granted Plaintiff's unopposed motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2). (ECF No. 15). Plaintiff then filed an amended complaint adding Defendants Norfolk Southern Corp. and Consolidated Rail Corp., neither of which is a party to this motion. (ECF No. 16). Defendant filed an Answer to the amended complaint on July 26, 2013, (ECF No. 22), and then filed this instant motion on November 22, 2013. (ECF No. 32).

## II. DISCUSSION

In the counts of his amended complaint relevant to this motion, Plaintiff alleges that Defendant was negligent in various duties owed to him as an employee, and that he is entitled to relief under both FELA and common law negligence. See Am. Compl. Counts One and Two. In its motion Defendant argues that it is entitled to judgment on the pleadings because: 1) Defendant is not subject to FELA and therefore cannot be held responsible under the statute, and 2) Plaintiff has already received benefits under New Jersey's exclusive compensation scheme, preventing him from receiving any further payouts.

### A. Standard of Review

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move for a judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). Rule 12(c) is designed to eliminate excessive litigation when material facts are not in dispute and a judgment on the merits may be derived solely from the content of the pleadings. See 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.). In order to grant a motion for judgment on the

pleadings, the moving party must clearly demonstrate that there are no issues of material fact and that he is entitled to judgment as a matter of law. See Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).

When a motion filed under Rule 12(c) is based on a failure to state a claim upon which relief can be granted, the governing standard is the same as that for a motion filed pursuant to Fed. R. Civ. P. 12(b)(6). See Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 146-47 (3d Cir. 2013). Therefore, in ruling on this motion, the Court must "evaluate the complaint for 'well-pleaded factual allegations,' assume their veracity, and then 'determine whether they plausibly give rise to relief.'" Woodend v. Lenape Reg'l High Sch. Dist., 535 F. App'x 164, 166 (3d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)); see also Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). Also as with a motion to dismiss pursuant to Rule 12(b)(6), the Court must view the facts in the light most favorable to the plaintiff, and derive all favorable inferences from those facts. See Huertas v. U.S. Dep't of Educ., Civ No. 08-3959, 2009 WL 3165442, at *2 (D.N.J. Sept. 28, 2009).

### B. Defendant's FELA Liability

Congress created FELA in 1908 as a means of shifting the risk of railroad work from the employee to the employer. See Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 542 (1994). FELA provides that any employee of a "common carrier by railroad . . . engaging in [interstate] commerce" shall be entitled to damages for injuries or death that result "in whole or in part from the negligence" of the employer. 45 U.S.C. § 51. To recover under FELA, Plaintiff must establish: 1) that Defendant is a common carrier by railroad engaging in interstate commerce, 2) that he was employed by H&M with duties that further such commerce, 3) that his injuries were sustained

while he was employed, and 4) that his injuries were a result of Defendant's negligence. See Felton v. Southeastern Pennsylvania Transp. Auth., 952 F.2d 59, 62 (3d Cir. 1991) (internal citations omitted).

It is undisputed that H&M is engaged in interstate commerce. It is similarly undisputed that Plaintiff was employed by H&M at the time of his accident. Defendant's negligence is not at issue in this motion, where Defendant argues only that it is not an entity properly covered under FELA. Thus, the sole question before the Court on this issue is whether Defendant is a "common carrier by railroad" engaging in interstate commerce within the meaning of FELA.

Throughout FELA's history, courts have struggled to define exactly what makes an entity a common carrier by railroad. The Supreme Court has defined a common carrier by railroad as "one who operates a railroad as a means of carrying for the public, that is to say, a railroad company acting as a common carrier." Edwards v. Pacific Fruit Express Co., 390 U.S. 538, 540 (1968) (quoting Wells Fargo & Co. v. Taylor, 254 U.S. 175, 187-88 (1920)). Although the statute itself fails to specifically define the term, the Edwards court also noted that "there exist a number of activities and facilities which, while used in conjunction with railroads, and related to them, are not railroading itself," and that Congress had specifically declined, though given the opportunity to do so, to extend liability to activities associated with the business of railroads. See id.

The Third Circuit has never defined the term "common carrier by railroad" beyond the Supreme Court's general definition. However, two circuit courts have created specific rubrics to determine whether an entity is a common carrier by railroad under FELA. The Fifth Circuit, in Lone Star Steel Co. v. McGee, found four considerations especially important in determining whether a corporation was a common carrier by railroad. The Court looked to: 1) whether the company actually performs rail service, 2) whether the service being performed is part of the total

rail service contracted for by a member of the public, 3) whether the entity is performing as part of a system of interstate rail transportation based on a common ownership between itself and a railroad or a contractual relationship with a railroad, and 4) whether the company was being paid for the services in some manner. 380 F.2d 640, 647 (5th Cir. 1967). In 1987, the Sixth Circuit devised its own rubric, finding the Lone Star test to be too restrictive. In Kieronski v. Wyandotte Terminal R.R. Co., the Sixth Circuit divided carriers into four categories: 1) strictly in-plant railroad facilities, which are generally not common carriers, 2) private carriers, who are also not common carriers, 3) linking carriers (entities that link two or more common carriers that exist as a vital part of the system), and 4) mixed entities that appear to be simply in-plant carriers, but actually perform the functions of a common carrier for others, thus crossing into being a common carrier. 806 F.2d 107, 108-09 (6th Cir. 1986). The Tenth Circuit has rejected both Lone Star and Kieronski tests as too restrictive. See Smith v. Rail Link, Inc., 697 F.3d 1304, 1308-09 (10th Cir. 2012).

Although the question of whether FELA applies to H&M is a question of law, see Luman v. ITS Techs. & Logistics, LLC, 323 S.W.3d 821, 824 (Mo. Ct. App. 2010), it can only be determined by examining the facts surrounding Defendant's business activities. Because Defendant has not met its burden of demonstrating that Plaintiff has no plausible claim under FELA, a judgment on the pleadings cannot be granted.

Both Plaintiff's Amended Complaint and Defendant's Answer contain conclusory statements regarding H&M's liability under FELA. Plaintiff simply alleges that H&M "was a common carrier engaged in interstate commerce," and Defendant simply responds that it "is not a railroad carrier" and giving a brief description of the activities it carries out at Croxton Yard. See Compl. at ¶ 10, Ans. at ¶¶ 12-15. Although the parties have begun discovery, material developed

during discovery may not be considered in deciding a motion for judgment on the pleadings. See Andro v. Union Carbide Corp, Civ No. 13-5249, 2014 WL 1371713, at *1 (D.N.J. Apr. 8, 2014) (citing Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 257 (3d Cir. 2004). In their briefs, the parties argue extensively, but do not provide the Court with information sufficient to overcome the high standard required for a Rule 12(c) motion. As a result, the Court is unable to say, without a further development of the record, that Defendant is entitled to a judgment on the merits. Therefore, Defendant's motion is denied as to Count One of the amended complaint. Because the Court does not decide whether FELA applies to Plaintiff's claims, it is premature to determine whether or not Plaintiff's acceptance of workers' compensation acts as a potential bar to FELA recovery. Therefore, the Court will not reach that issue.

## C.   New Jersey Workers' Compensation

In seeking a judgment on the pleadings, Defendant argues that Plaintiff's acceptance of workers' compensation bars his remedies under the common law. See Def. Br. at 5-9. New Jersey Workers' Compensation statute, N.J.S.A. § 34:15-1 *et seq.*, provides a remedy for an injured employee against an employer for injuries arising out of and during the course of employment. Kristiansen v. Morgan, 708 A.2d 1173, 1180 (N.J. 1998). Under New Jersey law, workers' compensation is an exclusive remedy, barring other actions against an employer for injuries suffered by an employee. See N.J.S.A. § 34:15-8; Roma v. United States, 344 F.3d 352, 363 (3d Cir. 2003). It is undisputed that Plaintiff has received state workers' compensation benefits in connection with the injury. See Def. Br. at 5, Pl. Br. at 20-21.

When a plaintiff accepts the benefits of the New Jersey workers' compensation scheme, the employer gains immunity from common-law suit, even though he may be negligent. See Morris v. United Postal Servs., Civ No. 08-2035, 2009 WL 4114391, at *3 (D.N.J. Nov. 23, 2009) (citing

Dudley v. Victor Lynn Lines, Inc., 161 A.2d 479, 489 (N.J. 1960)). The employee then gains a speedy and certain measure of damages for all work-connected injuries regardless of fault. Id. Because Plaintiff has accepted workers' compensation from New Jersey and fits no known exception to the statute's exclusivity requirement, Plaintiff may not pursue his negligence claim after receiving New Jersey workers' compensation. Therefore, limited judgment on the pleadings will be granted as to Count Two of Plaintiff's complaint.

### III.  CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings is **DENIED** in part and **GRANTED** in part. Defendant's motion is denied as to Count One of Plaintiff's amended complaint, and granted as to Count Two. Judgment on the pleadings shall be entered as to Count two of the amended complaint. An appropriate Order accompanies this Opinion.

Dated: June 20, 2014

CLAIRE C. CECCHI, U.S.D.J.